Submitted on briefs February 9, affirmed February 23, 1926.

## A. C. RUBY v. JOHN A. WHITTEN.

(243 Pac. 559.)

**Attachment—Attachment Does not Lie for Liability Arising from Breach of Lease Covenants.**

1. An attachment does not lie for liability arising from breach of lease covenants as to redelivery in good condition and making of repairs.

Appeal and Error—Order Dissolving Writ of Attachment is Reviewable Only on Appeal from Final Judgment (Section 548, Or. L.).

2. Order dissolving writ of attachment is mere intermediate order, reviewable only on appeal from final judgment, in view of Section 548, Or. L.

Appeal and Error—Appealable Order must in Effect Prevent Judgment, be Made After Judgment, or Grant New Trial (Section 548, Or. L.).

3. In law action, appealable order must be one affecting a substantial right, and in effect preventing a judgment or one affecting a substantial right made in a proceeding after judgment, or one setting aside a judgment and granting new trial, in view of Section 548, Or. L.

Appeal and Error.

4. The right to an appeal is statutory.

---

Appeal and Error, 3 C. J., p. 436, n. 8, p. 438, n. 25, p. 455, n. 25, p. 456, n. 28, p. 550, n. 22.
  Attachments, 6 C. J., p. 75, n. 61 New.

From Multnomah: L. P. HEWITT, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. W. W. Dugan, Jr.*

For respondent there was a brief over the names of *Messrs. Malarkey, Seabrook & Dibble* and *Mr. James P. Stapleton.*

RAND, J.—This is an appeal from an order of the Circuit Court setting aside and vacating a writ of attachment issued out of that court in this cause. The attachment was dissolved upon the ground that the cause of action alleged in the amended complaint was for the recovery of damages only, for which an attachment would not lie. The damages claimed arose from an alleged breach of a contract for the leasing of certain real property. The covenants of

the lease, with which it is alleged the defendant failed to comply, required the defendant to deliver the possession of the demised premises at the expiration of the term, in as good order and condition as they were at the time the lease was drawn, or should thereafter be put into by the lessor, reasonable use and wear thereof, fire and other unavoidable casualties alone excepted, and also to repair and keep the demised property in good order and condition.

1. For a liability arising from a breach of these covenants, an attachment will not lie under the provisions of our statute. The law on this question is settled by *Nielson* v. *Title Guaranty & Surety Co.,* 101 Or. 262, 274 (199 Pac. 948), and is so fully stated in that decision, that a restatement of it is wholly unnecessary. Under this decision, upon the facts stated in the complaint upon which the lower court acted, an attachment would not lie. Therefore, the ruling of the court dissolving the attachment, was proper.

2-4. The order appealed from was not a final judgment, but a mere intermediate order, which could only be reviewed upon an appeal from the final judgment itself. Whether any final judgment has been entered in the cause, the record does not disclose. Where in a law action an appeal is taken from an order, and not from the judgment itself, the order appealed from must be one affecting a substantial right, and which in effect determines the action so as to prevent a judgment therein, or it must be one affecting a substantial right and made in a proceeding after judgment, or be one setting aside a judment and granting a new trial: Section 548, Or. L. An appealable order, is one which comes within the terms of this statute, and since the right to an appeal is entirely statutory, an order not coming within such

117 Or.—18

terms is not appealable. This order not coming within the terms of the statute was not an order from which an appeal would lie, and therefore, if there had been error in the ruling of the court dissolving the attachment, such error could only be reviewed upon an appeal from the final judgment in the cause, and no such judgment having been entered, the appeal must be dismissed.                      AFFIRMED.